IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,817-01






EX PARTE LEVAR VAUGHN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. D-1-DC-07-300991 IN THE 299TH JUDICIAL DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was originally given five years' deferred adjudication community supervision. His guilt was
later adjudicated, and he was sentenced to fourteen years' imprisonment. The Third Court of
Appeals affirmed his conviction. Vaughn v. State, No. 03-08-00610-CR (Tex. App. - Austin, June
25, 2010, no pet.). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she put him on the stand to testify regarding punishment despite knowing that Applicant did not want
to testify. Applicant alleges that he was prejudiced by counsel's decision to put him on the stand
because he was impeached on cross-examination, and the adjudicating judge expressed dismay at
his failure to tell the truth, assessing a longer sentence on adjudication than he had previously
contemplated. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's adjudication counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel. Counsel shall state whether or not Applicant expressed his
desire not to testify at the adjudication hearing. Counsel shall also state when the decision was made
to put Applicant on the stand, what the reasons for this decision were, and whether she consulted
with Applicant regarding this decision. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a transcript of the adjudication
proceedings. The trial court shall make findings of fact as to whether the performance of Applicant's
adjudication attorney was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 25,2011

Do not publish